IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SELMA WOMACK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:05-CV-71 (DF) |
| | : | |
| JONATHAN WILLIS, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

I.     **INTRODUCTION**

Plaintiff Selma Womack ("Plaintiff"), proceeding *pro se*, sued Defendant Jonathan Willis ("Defendant") alleging Defendant sexually harassed her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2005). Before this Court is Defendant's Motion to Dismiss (doc. 6). In his Motion to Dismiss, Defendant asserts, among other things, that the present action should be dismissed because Defendant is not subject to liability as an "employer" under Title VII. The Court agrees.[1]

---

[1] The dismissal of Plaintiff's case on these grounds obviates the need for the Court to address the remaining grounds for dismissal asserted in Defendant's brief. *See* Def.'s Br. Supp. Mot. Dismiss, doc. 7, at 4-6.

1

## II.   FACTUAL BACKGROUND

Plaintiff's sexual-harassment claim stems from an inappropriate comment allegedly made by Defendant to Plaintiff on March 25, 2004. The incident occurred while Plaintiff, an employee of GBM Services, Inc., was performing contract work for Defendant's employer, Brown & Williamson Tobacco. On July 29, 2004, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Ex. 4 to Def.'s Br. Supp. Mot. Dismiss, doc. 7.) Plaintiff's EEOC claim charged Brown & Williamson with improper handling of Plaintiff's sexual-harassment claim against Jonathan Willis. On October 7, 2004, the EEOC mailed a Dismissal and Notice of Rights letter to Plaintiff. (Ex. 5 to Def.'s Br. Supp. Mot. Dismiss, doc. 7.) The dismissal informed Plaintiff that she had 90 days from receipt of the notice to file suit against Brown & Williamson. *Id.*

On January 6, 2005, Plaintiff filed a sexual-harassment claim against Defendant in the Magistrate Court of Bibb County, Georgia. Plaintiff instituted the present action in federal court on February 25, 2005. On March 29, 2005, Plaintiff's state-court case was transferred to the Civil Court of Bibb County, Georgia. The instant action contains the same allegations as Plaintiff's state-court claim, and arises from the same incident of alleged sexual harassment.

## III.   LEGAL DISCUSSION

Rule 12(b) of the Federal Rules of Civil Procedure governs motions to dismiss. Fed.

R. Civ. P. 12(b) (West 2005). One of the grounds for dismissal under Rule 12(b) is for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court should grant a motion to dismiss under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). On a motion to dismiss under Rule 12(b)(6), a court's function is not to assess the veracity or weight of the evidence that might be offered in support of the complaint; instead, the court must merely determine whether the complaint is legally sufficient. *Sherman ex rel. Sherman v. Helms*, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000). In ruling on a motion to dismiss, a court must accept all material facts alleged in the complaint as true, and it must construe all reasonable inferences in the light most favorable to the plaintiff. *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). If the facts alleged in the complaint would allow the plaintiff to recover under any possible theory, the motion must be denied, regardless of whether the facts would support a recovery under the particular theory pleaded by the plaintiff. *See Linder v. Portocarrero*, 963 F.2d 332, 336 (11th Cir. 1992).

Title VII provides that "[i]t shall be an unlawful practice for an *employer* . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a) (West 2005) (emphasis added). The Eleventh Circuit has interpreted this statutory provision to mean that "individual capacity

suits under Title VII are [ ] inappropriate" because "the relief granted by Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." ***Busby v. City of Orlando***, 931 F.2d 764, 772 (11th Cir. 2001). Therefore, to recover under Title VII, a plaintiff must sue the employer, either by naming the supervisory employee(s) as agent(s) of the employer, or by naming the employer directly. ***Id.***

Plaintiff's case must be dismissed. In her Complaint, Plaintiff names only Jonathan Willis as an individual defendant. She has not sued Brown & Williamson, and she has not alleged that Mr. Willis is a supervisory employee of Brown & Williamson. Therefore, even if this Court accepts Plaintiff's allegations of sexual harassment as true, Plaintiff could not recover under Title VII because she has not sued an "employer" as that term is defined in Title VII. 42 U.S.C.A. § 2000e. Accordingly, because it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief under Title VII, Defendant's Motion to Dismiss is hereby **GRANTED**.

SO ORDERED, this 17th day of January, 2006.

      **/s/ Duross Fitzpatrick**
      DUROSS FITZPATRICK, JUDGE
      UNITED STATES DISTRICT COURT

DF/jab